# John V. Janusas
Attorney at Law
184 North Main Street
Liberty, New York 12754

Phone:  (845) 295-4550          johnjanusas@gmail.com          Facsimile:  (845) 468-4419

___

**Via ECF**

March 31, 2015

David N. Hurd, District Judge
Federal District Court for the
Northern District of New York
10 Broad Street
Utica, New York 13501

      Re: **United States v. Ernest Hobdy**
        Case No.:  14-cr-00107-DNH

Dear Judge Hurd:

  Greetings.  The undersigned represents Mr. Ernest Hobdy in the above referenced matter, and respectfully submits this correspondence as his sentencing memorandum.

  As this Court may recall, on December 8, 2014, Mr. Hobdy entered a plea of guilty to Indictment 5:14-CR-107, which charges that on or about June 9, 2011, in Herkimer County, in the Northern District of New York, the defendant possessed with the intent to distribute a controlled substance, cocaine, in violation of 21 U.S.C. § 841(a)(1) and U.S.C. § 841(b)(1), respectively.  His sentencing is scheduled for April 8, 2015 before this Court.

  As this Court may also recall, Mr. Hobdy originally pled guilty with different counsel to Criminal Possession of a Controlled Substance in the 3rd Degree, in violation of New York State Penal Law Section 220.16 in Herkimer County Court, and was sentenced on May 31, 2012, to a three-year conditional discharge, and $5,000 fine.  After being sentenced, Mr. Hobdy has been gainfully employed and has led a productive, law abiding life as a family man supporting nine (9) children.

  Almost three (3) years after the subject incident, on April 1, 2014, Mr. Hobdy's home was raided in the middle of the night, and he was arrested again on the instant charges, which stem from the same conduct he had already pled guilty to in State Court.  Notably, at the time of his arrest, Mr. Hobdy relates that one of the arresting officers told him "remember the sweetheart deal you got in State Court?  Well now you're really going to pay for what you did", or words to that effect.

David N. Hurd, District Judge, March 31, 2015, Pg. 2

  While lawyers and judges are aware of what is known as the Federal "Petite Waiver" policy, which leaves the decision whether to seek dual and successive prosecutions for the same underlying offense conduct in the sole discretion of the Government, it is not common knowledge to laypersons that one can be arrested, prosecuted and sentenced in State Court, and then be re-arrested, re-prosecuted and re-sentenced in Federal Court for the same exact conduct. <u>Petite v. United States</u>, 361 U.S. 529 (1960).

  In the eyes of those who are unfamiliar with the Government's ability to do so, on its face, this runs in stark contrast to the double jeopardy protection of the Fifth Amendment, which declares that no one shall be subject to "for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

  Mr. Hobdy has repeatedly cited the Fifth Amendment whenever the undersigned has attempted to explain that the Government can prosecute him again for the same offense conduct he already pled guilty to and was sentenced for in State Court. In fact, as the undersigned increased efforts to explain this and discuss the case against him, Mr. Hobdy withdrew further and further from communicating with counsel. This withdrawal from communication with counsel essentially continues to date, as the undersigned has attempted to discuss the pre-sentencing report that was provided to Mr. Hobdy for review, and this sentencing memorandum.

  With this in mind, the undersigned respectfully requests that the Court evaluate Mr. Hobdy's behavior in the context of the particular circumstances that he is confronted with. The undersigned does not attempt to lessen the severity of the offense for which he has accepted responsibility, or to excuse him from committing it, but instead asks the Court to consider fully why an individual would react the way Mr. Hobdy has when determining an appropriate sentence.

  In the interim, please do not hesitate to contact the undersigned should this Honorable Court have any questions, or require anything further.

                Respectfully Submitted,

                _____/s/_____
                JOHN V. JANUSAS